# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

REBEKAH BUETENMILLER,
SAMANTHA BILLS, and STACEY
GLASS,

        Plaintiffs,

        v.

MACOMB COUNTY JAIL, STEVEN
COGSWELL, WILLIAM HORAN,
CORRECT CARE SOLUTIONS, LLC,
and JOHN DOES,

        Defendants.

Case No. 2:20-cv-11031
Hon.
Mag.

---

JONATHAN R. MARKO (P72450)
KIRSTINA R. MAGYARI (P82775)
MARKO LAW, PLLC
Attorney for Plaintiffs
1300 Broadway Street, Fifth Floor
Detroit, MI 48226
Phone: (313) 777-7529
Fax: (313) 771-5785
kirstie@markolaw.com

---

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having  been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this Complaint that is either pending or was previously filed and dismissed, transferred or otherwise disposed of after having been assigned to a Judge in this Court.

## PLAINTIFFS' COMPLAINT AND JURY DEMAND

NOW COME the Plaintiffs, by and through their attorneys, MARKO LAW, PLLC, and for their Complaint against the above-named Defendants, states as follows:

## INTRODUCTION

Since 2011, and at all relevant times herein, Defendant Correct Care Solutions has been the sole health care provider operating in and contracting with the Defendant Macomb County Jail.  Plaintiffs, Rebekah Buetenmiller, Samantha Bills, and Stacey Glass are all former or current Macomb County Jail inmates who, while incarcerated, have been subjected to sexual abuse, sexual assault, battery, exploitation, discrimination and degrading treatment by Defendant Doctor Steven Cogswell, who was employed by Defendant Correct Care Solutions. Defendant Cogswell manipulated and sexually assaulted female Macomb County Jail inmates by using his position of power and by holding tobacco products, candy, prescription medication, double mattresses, and other commodities over their heads, in exchange for sexually assault and abuse. Dr. Cogswell would further exploit the Plaintiffs by filming them and/or using his cellphone to take photographs in various states of undress. Defendant William Horan, a corrections deputy employed by Defendant Macomb County Jail who accompanied Plaintiffs to their visits with Defendant Doctor Cogswell, as well as other employees of Defendant Macomb County Jail and

Defendant Correct Care Solutions, are believed to have known what Dr. Cogswell was doing.

Defendant Doctor Steven Cogswell's heinous sexual misconduct of vulnerable incarcerated young women constituted an egregious abuse of power, which was exacerbated by the policies, acts, and omissions of Defendants Correct Care Solutions, LLC, and Macomb County Jail. Who knows how many of these women have been subjected to these atrocities over the past several years?

## JURISDICTION & VENUE

1.      Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1331 and §1343(a)(3).

2.      Venue is proper under 28 U.S.C. § 1391(b) as the events and omissions giving rise to Plaintiffs' claims occurred in this District.

3.      The amount in controversy herein exceeds this Court's jurisdictional requirement, exclusive of interest, costs, and attorney fees.

## PARTIES

4.      Plaintiff Rebekah Buetenmiller is a resident of the County of Wayne, State of Michigan.

5.      Plaintiff Samantha Bills is a resident of the County of St. Clair, State of Michigan.

1300 BROADWAY ST | 5TH FLOOR
DETROIT, MI 48226

JMARKOLAW.COM
(313) 777-7LAW

MARKO LAW

6.     Plaintiff Stacey Glass is currently a prisoner at Women's Huron Valley Correctional Facility, located in the County of Washtenaw, State of Michigan.

7.     Defendant Macomb County Jail is a jail located in the County of Macomb, State of Michigan.

8.     Defendant Correct Care Solutions, LLC ("Correct Care Solutions") is a limited liability corporation organized under the laws of the State of Kansas, licensed to do business in the State of Michigan, and doing business in Macomb County.

9.     Defendant Steven Cogswell is a resident of the County of Oakland, State of Michigan.

10.    Upon information and belief, Defendant William Horan is a resident of the County of Macomb, State of Michigan.

11.    Defendant John Does were, at all times relevant to this Complaint, employees of Defendant Macomb County Jail and/or Defendant Correct Care Solutions.

## **FACTUAL ALLEGATIONS**

12.    Plaintiffs hereby incorporate all other paragraphs of this Complaint as if fully set forth herein.

13.    Since 2011, and at all relevant times herein, Defendant Correct Care Solutions has been the sole health care provider operating in and contracting with

4

the Defendant Macomb County Jail.

14.     Defendant Doctor Steven Cogswell was employed by Defendant Correct Care Solutions at all relevant times herein.

15.     Defendant Macomb County Jail permitted Defendant Correct Care Solutions to operate without adequate oversight, supervision, training, procedures, policies, or mechanisms to ensure the privacy and safety of female inmates of Macomb County Jail.

16.     Defendant Macomb County Jail maintained a duty to protect the inmates housed there at all relevant times.

17.     Defendant Correct Care Solutions, without adequate oversight, supervision, training, procedures, or mechanisms to ensure the privacy and safety of female inmates of Macomb County Jail, provided health care services to the female inmates of Macomb County Jail in various states of undress and during intimate medical procedures.

18.     Defendant Correct Care Solutions failed to properly supervise, train, or ensure the privacy and safety of their patients when they hired and retained their employees, including Defendant Doctor Steven Cogswell and Defendant John Does, breaching the standard of medical care required to ensure the privacy and safety of patients.

19. Defendant Doctor Steven Cogswell was assigned to see and treat many female inmates housed at Macomb County Jail, including Plaintiffs, by virtue of his employment with Defendant Correct Care Solutions.

20. Defendant Macomb County Jail was responsible for providing Plaintiffs and other female inmates of Macomb County Jail with health care services, including choosing the health care provider, allowing when and where inmates were permitted to receive health care treatment, and providing transportation to and from the health care provider.

21. Plaintiffs Buetenmiller, Bills, and Glass were all, at one point, inmates at Macomb County Jail, including during the months of August and September 2018.

22. Plaintiffs and other female inmates housed at Macomb County Jail had no choice with regard to the health care provider and doctors from whom they received health care treatment.

23. In August and September of 2018, Plaintiffs Rebekah Buetenmiller, Samantha Bills, and Stacey Glass received health care treatment while incarcerated at Defendant Macomb County Jail through Defendant Correct Care Solutions and by Defendant Doctor Steven Cogswell.

24. Defendant William Horan and Defendant John Does are corrections deputies employed by Defendant Macomb County Jail at Defendant Correct Care

Solutions and accompanied Plaintiffs to their visits with Defendant Doctor Cogswell during August and September of 2018.

25.    Though they necessitated medical treatment, Plaintiffs, and likely other female inmates at Macomb County Jail seen by Defendant Doctor Steven Cogswell, were subjected to privacy violations, offensive touching of their genital areas, sexual assault, battery, and requests for sexual favors, often being filmed or photographed by Defendant without their consent on the Correct Care Solutions premises.

26.    Defendant Cogswell denied he acted inappropriately but failed a polygraph regarding the sexual assault of Plaintiffs.

27.    When Plaintiffs visited Defendant Doctor Steven Cogswell at Defendant Correct Care Solutions while they were inmates at Macomb County jail to receive medical treatment, he breached the accepted medical standard of care by touching and/or stimulating their genital areas and pubic region, exceeding the scope of consent for medical treatment.

28.    Defendant Doctor Steven Cogswell also induced his victims at Macomb County Jail with tobacco products, candy, prescription medication, double mattresses, and other commodities in exchange for sexually assaulting, abusing, and exploiting the Plaintiffs by filming them and/or using his cellphone to take photographs in various states of undress.

29.     Defendant Horan and Defendant John Does transported Plaintiffs to Defendant Correct Care Solutions facility and waited outside the examining room, which was closed off by a curtain, while Plaintiffs were sexually assaulted by Defendant Cogswell. Upon information and belief, Defendant Horan and Defendant John Does had knowledge of Defendant Cogswell's actions toward Plaintiffs.

## PLAINTIFF REBEKAH BUETENMILLER

30.     During her incarceration at Macomb County Jail, Plaintiff Rebekah Buetenmiller, who identifies as a lesbian, was subjected to subjected to privacy violations, offensive touching of her genital area, sexual assault, and battery by Defendant Doctor Steven Cogswell.

31.     When Plaintiff Buetenmiller sought medical treatment while housed in Macomb County Jail, she was transported by the jail employees, including but not limited to Defendant Horan and Defendant John Does, to Defendant Correct Care Solutions, where she was directed to treat with Defendant Doctor Steven Cogswell on September 14, 2018.

32.     While there, Defendant Cogswell asked Plaintiff Buetenmiller to lay on the examining table, where he then used his hands to touch and/or stimulate her pelvic and genital areas.

33.     Defendant Cogswell kissed Plaintiff Buetenmiller after sexually assaulting her.

1300 BROADWAY ST | 5TH FLOOR
DETROIT, MI 48226

JMARKOLAW.COM
(313) 777-7LAW

MARKO LAW

34.     Before Plaintiff Buetenmiller left the room, Defendant Cogswell gave her a pill, which he told her to swallow and checked her mouth to ensure that she did so.

35.     Defendant Cogswell told Plaintiff Buetenmiller not to tell anyone, adding that he could lose his job if she did.

36.     Plaintiff Buetenmiller was scheduled for a follow-up visit with Defendant Cogswell, which she did not attend.

37.     Defendants intentionally isolated Plaintiff Buetenmiller in order to sexually assault her.

38.     Defendant Cogswell's sexual abuse, privacy violations, sexual assault, battery, exploitation, discrimination and degrading treatment of Plaintiff Rebekah Buetenmiller has caused her severe emotional damage and other damage to be discovered throughout litigation.

39.     Defendants' policies and procedures of contracting with a medical provider without adequate policies and procedures of hiring and investigating their doctors, and without adequate oversight, supervision, training, procedures, policies, or mechanisms to ensure the privacy and safety of female inmates of Macomb County Jail were proximate causes of harm to Plaintiff Buetenmiller.

**PLAINTIFF SAMANTHA BILLS**

40.     During her incarceration at Macomb County Jail, Plaintiff Samantha Bills was subjected privacy violations, offensive touching of her genital area, sexual assault, and battery by Defendant Doctor Steven Cogswell.

41.     When Plaintiff Bills sought medical treatment while housed in Macomb County Jail, she was transported by the jail employees, including but not limited to Defendant Horan and Defendant John Does, to Defendant Correct Care Solutions, where she was sent to treat with Defendant Doctor Steven Cogswell.

42.     The first time Plaintiff Bills saw Defendant Cogswell, he forced his hand down her pants and touched her vagina. He then penetrated her vagina with his fingers.

43.     Defendant Cogswell induced and/or coerced Plaintiff Bills to engage in sexual acts through his position and authority over her.

44.     Defendant Cogswell raped Plaintiff Bills when he penetrated Plaintiff's vagina with his fingers.

45.     On Plaintiff Bills' third visit to Defendant Cogswell, he again raped Plaintiff Bills when he penetrated Plaintiff's vagina with his fingers.

46.     On Plaintiff Bills' fourth visit to Defendant Cogswell, he brought her M&M's and said he "wanted something in return."

47.     Defendant Cogswell raped Plaintiff again by penetrating her vagina with his fingers while she touched his penis.

48.     Defendant Cogswell then took a photo of Plaintiff with his cell phone, with her shirt lifted and her pants partially down.

49.     Defendant Cogswell's sexual abuse, privacy violations, sexual assault, battery, exploitation, discrimination and degrading treatment of Plaintiff Samantha Bills has caused her severe emotional damage.

50.     Defendants' policies and procedures of contracting with a medical provider without adequate policies and procedures of hiring and investigating their doctors, and without adequate oversight, supervision, training, procedures, policies, or mechanisms to ensure the privacy and safety of female inmates of Macomb County Jail were proximate causes of harm to Plaintiff Bills.

PLAINTIFF STACEY GLASS

51.     During her incarceration at Macomb County Jail, Plaintiff Stacey Glass was subjected to privacy violations, offensive touching of her genital area, sexual assault, and battery by Defendant Doctor Steven Cogswell.

52.     When Plaintiff Glass sought medical treatment while housed in Macomb County Jail, she was transported by the jail employees, including but not limited to Defendant Horan and Defendant John Does, to Defendant Correct Care Solutions, where she was sent to treat with Defendant Doctor Steven Cogswell on September 13, 2018.

1300 BROADWAY ST | 5TH FLOOR
DETROIT, MI 48226

JMARKOLAW.COM
(313) 777-7LAW

MARKO LAW

53.     When Plaintiff Glass arrived at Defendant Cogswell's office, he told her to sit in a chair, used a stethoscope to check her breathing, while began to lower the stethoscope down her chest, on her breasts, and eventually placed it on each of her nipples.

54.     Defendant Cogswell then asked Plaintiff Glass to stand up.  He touched her stomach and moved his hands into her pants and touched her vagina, sexually assaulting her.

55.     Defendant Cogswell advised Plaintiff Glass that she would need to return for a follow-up visit in one week.

56.     Defendant Cogswell's sexual abuse, privacy violations, sexual assault, battery, exploitation, discrimination and degrading treatment of Plaintiff Stacey Glass has caused her severe emotional damage.

57.     Defendants' policies and procedures of contracting with a medical provider without adequate policies and procedures of hiring and investigating their doctors, and without adequate oversight, supervision, training, procedures, policies, or mechanisms to ensure the privacy and safety of female inmates of Macomb County Jail were proximate causes of harm to Plaintiff Glass.

## CAUSES OF ACTION

### COUNT I
**42 U.S.C. § 1983 – Eighth Amendment –
Cruel and Unusual Punishment- Excessive Force**

(As to Defendants Cogswell, Horan, and John Does)

58.     Plaintiffs hereby incorporate all other paragraphs of this Complaint as if fully set forth herein.

59.     A defendant in a §1983 suit acts under color of state law when he abuses the position given to him by the State. See *Monroe v Pape*, 365 US 167; 81 S Ct 473; 5 L Ed 2d 492 (1961).

60.     A doctor hired to provide medical care to prisoners is a state actor for purposes of § 1983. *West v Atkins*, 487 US 42; 108 S Ct 2250; 101 L Ed 2d 40 (1988).

61.     Defendant Cogswell, Defendant Horan, and Defendant John Does were acting under color of state law at all times relevant to this action.

62.     The above described acts of Defendants constitute unnecessary and wanton infliction of pain and suffering and emotional distress on Plaintiffs.

63.     Defendant Cogswell purposefully and knowingly used physical force against Plaintiffs.

64.     The force used by Defendant Cogswell against Plaintiffs was used maliciously and sadistically for the very purpose of causing harm.

65.     Defendant Cogswell use of force against Plaintiffs had no legitimate penological purpose.

66.     Upon information and belief, Defendant Horan and Defendant John Does had knowledge of that Defendant Cogswell presented an excessive risk to Plaintiffs' safety.

67.     Defendant Cogswell, Defendant Horan, and Defendant John Does exhibited deliberate indifference to the substantial risk of harm to Plaintiffs by the use of sexually harassment and assault.

68.     As a direct and proximate cause and consequence of the unconstitutional policies, procedures, customs, acts, inactions, and/or practices described above, Plaintiffs suffered and continue to suffer injuries, damages and losses as set forth herein.

**COUNT II**
**U.S.C. § 1983 – Eighth Amendment –**
**Cruel and Unusual Punishment- Failure to Protect**
(As to Defendants Cogswell, Horan, and John Does)

69.     Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

70.     Defendant Cogswell, Defendant Horan, and Defendant John Does were acting under color of state law in his actions and inactions at all times relevant to this action.

71.     Under the Eighth Amendment, Defendants had a duty to protect Plaintiffs as a prisoner in custody of Macomb County Jail, from harm at the hands of other Macomb County Jail and Correct Care Solution employees.

72.     Upon information and belief, Defendants had knowledge that Defendant Cogswell presented an excessive risk to Plaintiffs' safety.

73.     Despite their knowledge that Defendant Cogswell presented an excessive risk to Plaintiffs' safety, Defendants made a conscious and deliberate decision not to take any action to protect Plaintiffs.

74.     Defendants' conscious and deliberate decisions not to take any action to protect Plaintiffs from sexual misconduct by Defendant Cogswell put Plaintiffs at substantial risk of suffering serious harm.

75.     Defendants' conscious and deliberate decisions not to protect Plaintiffs despite knowledge of the risk to their safety constitutes deliberate indifference to and willful and wanton disregard of the substantial risk of serious harm to Plaintiffs.

76.     Defendants' actions and inactions were taken in reckless and callous indifference to the federally protected rights of Plaintiffs.

77.     The acts and/or omissions of Defendants were a legal and proximate cause of Plaintiffs' damages in that as a result of Defendants' failure to protect Plaintiffs, they suffered physical intrusion into bodily privacy and integrity, humiliation, and mental and emotional pain and anguish, and continue to suffer mental and emotional pain and anguish to this day.

**COUNT III**
**42 U.S.C. § 1983 – Fourteenth Amendment –**

## Substantive Due Process- Invasion of Bodily Integrity
### (As to Defendants Cogswell, Horan, and John Does)

78.     Plaintiffs hereby incorporate all other paragraphs of this Complaint as if fully set forth herein.

79.     Defendant Cogswell, Defendant Horan, and Defendant John Does were acting under color of state law at all times relevant to this action.

80.     By sexually harassing and assaulting Plaintiffs without their consent, Defendant Cogswell violated Plaintiffs' right to be secure in their bodily integrity, a liberty interest protected by the Due Process Clause of the Fourteenth Amendment.

81.     Defendants Cogswell acted recklessly, with conscious disregard to Plaintiffs' right to be secure in her bodily integrity by conducting pervasive sexual abuse as a state actor against inmates as described herein.

82.     By consciously and deliberately failing to take any action to protect Plaintiffs from the known and substantial risk of serious harm posed by Defendant Cogswell, Defendants' acts and/or omissions constituted deliberate indifference to the rights of inmates like Plaintiffs to be secure in their bodily integrity.

83.     When viewed in total, this conduct is outrageous and shocks the conscience.

84.     The acts or omissions of Defendants were a legal and proximate cause of Plaintiffs' damages in that they suffered physical intrusion into bodily privacy and integrity, humiliation, and mental and emotional pain and anguish, and continues

to suffer mental and emotional pain and anguish to this day.

## COUNT IV
### 42 U.S.C. § 1983 – Fourteenth Amendment –
### Equal Protection
(As to Defendants Cogswell, Horan, and John Does)

85.    Plaintiffs hereby incorporate all other paragraphs of this Complaint as if fully set forth herein.

86.    The Fourteenth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

87.    Defendant Cogswell, Defendant Horan, and Defendant John Does were acting under color of state law at all times relevant to this action.

88.    Pursuant to their duty to protect, Defendants' failure to prevent the sexual abuse, sexual assault, privacy violations, battery, exploitation, discrimination and degrading treatment to which Plaintiffs have been subjected violates Plaintiffs' rights to equal protection of the law.

89.    Plaintiffs' sex and/or gender was at least one factor that made a difference in Defendants' treatment of Plaintiff and subjected her to a hostile environment.

90.    The above described acts of abuse and inferior treatment is not substantially related to an important and legitimate government interest and violates Plaintiffs' rights to equal protection under the law and 42 U.S.C. §1983.

91.    The denial of Plaintiffs of the right to equal opportunity for rehabilitation and the subjection of the Plaintiffs to a hostile jail environment constitutes prohibited discrimination based on their sex and/or gender.

92.    Defendants' actions were intentional in disregard for Plaintiffs' rights and sensibilities.

93.    As a direct and proximate cause and consequence of the unconstitutional policies, procedures, customs, acts, inactions, and/or practices described above, Plaintiffs suffered and continue to suffer injuries, damages and losses as set forth herein.

## COUNT V
### Negligence & Gross Negligence
(As to Defendants Cogswell & Correct Care Solutions, LLC)

94.    Plaintiffs hereby incorporate all other paragraphs of this Complaint as if fully set forth herein.

95.    Defendants have a duty to preserve the bodily integrity of those in their care and, specifically, to act with reasonable care.

96.    Defendants, including but not limited to Defendant Cogswell, breached their duties by negligently engaging in inappropriate sexual conduct with Plaintiffs.

97.     Upon information and belief, Defendant Horan had knowledge of that Defendant Cogswell presented an excessive risk to Plaintiffs' safety.

98.     At all times relevant hereto, Defendant Cogswell was acting in the course and scope of his employment/agency for Defendant Correct Care Solutions and breached the applicable standard of medical care which was a proximate cause of physical injury and other damages to Plaintiffs.

99.     Defendants' actions were negligent and undertaken in a reckless disregard for whether injury would result.

100.    Defendants were negligent, grossly negligent and acted willfully, wantonly and recklessly by failing to follow the Michigan Public Health Code, and other applicable Heath Rules, including but not limited to:

    a.  Failing to protect Plaintiffs from abuse and/or neglect. MCL 330.1722;

    b.  Failure to provide Plaintiff with suitable services. MCL 330.1708(1)

    c.  Failure to provide a safe, sanitary, and humane treating environment.  MCL 330.1708(2);

    d.  Failing to treat Plaintiffs with dignity and respect. MCL 330.1708(4)

    e.  Failing to follow the Michigan Department of Community Health Administrative Rules, including failing to report abuse and take other corrective action.  R 330.700, R 330.7045 *et seq.;*

1300 BROADWAY ST | 5TH FLOOR
DETROIT, MI 48226

JMARKOLAW.COM
(313) 777-7LAW

MARKO LAW

f.  Failing to maintain a professional relationship with Plaintiff by having a sexual relationship with her. MCL 333.16221(e)(vi);

g.  These actions are a proximate cause of Plaintiffs' injuries.

101.  Defendant Cogswell acted in violation of the medical code of ethics as outlined by the AMA, specifically code of Medical Ethics Opinion 9.1.1.

102.  Defendants, including Defendant Correct Care Solutions, had a special relationship with the Plaintiff, specifically a doctor-patient relationship wherein Defendants derived a profit from the care of the Plaintiff who was entrusted to their care, and thus had a legal duty to protect her and/or ensure that she was not subject to actions described within this complaint.

103.  Defendant Cogswell was acting within the course and scope of said agency, employment, and joint venture with the advance knowledge, acquiescence, subsequent ratification, and approval of the acts and omission of each of the other Defendant.

104.  Defendant Cogswell committed sexual assault and battery against Plaintiff while he was acting as a physician for Defendant Correct Care Solutions, under the guise of medical treatment, and in furtherance of Defendant Correct Care Solutions' interests.

105.  The gross negligence has caused Plaintiff various egregious damages, including but not limited to:

a.  Physical pain and suffering;

b.  Anxiety, fear, and humiliation;

c.  Emotional distress;

d.  Other damages that may be discovered through the course of this litigation.

## COUNT VI
### HARASSMENT BASED ON SEX AND/OR GENDER IN VIOLATION OF MICHIGAN'S ELLIOTT-LARSEN CIVIL RIGHTS ACT MCL 37.2201 *Et. Seq.*
(As to All Defendants)

106.   Plaintiffs hereby incorporate all other paragraphs of this Complaint as if fully set forth herein.

107.   At all material times, Defendants offered a place of public accommodation, covered by and within the meaning of the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101, *et seq*.

108.   Plaintiffs' sex and/or gender was at least one factor that made a difference in Defendants' treatment of Plaintiff and subjected her to a hostile environment.

109.   Defendants, through their agents, representatives, and employees, discriminated against Plaintiffs on their gender and/or sex and acted in accordance with that predisposition.

110. Defendants, through their agents, representatives, and employees, unlawfully discriminated against Plaintiffs based on their gender and/or sex, treated them differently from similarly situated patrons in the administration of care based on their gender and/or sex, and allowed Plaintiffs to be subject to unlawful harassment based on their gender and/or sex.

111. Defendants' actions were intentional in disregard for Plaintiffs' rights and sensibilities.

112. As a direct and proximate result of Defendants' unlawful actions, Plaintiffs have sustained and continue to sustain injuries and damages.

## COUNT VII
### DENIAL OF FULL ENJOYMENT OF PUBLIC ACCOMMODATIONS IN VIOLATION OF MICHIGAN'S ELLIOTT-LARSEN CIVIL RIGHTS ACT MCL 37.2201 *et. seq.*
(As to All Defendants)

113. Plaintiffs hereby incorporate all other paragraphs of this Complaint as if fully set forth herein.

114. At all material times, Defendants offered a place of public accommodation, covered by and within the meaning of the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101, *et seq*.

115. Plaintiffs' gender and/or sex were at least one factor that made a difference in Defendants' treatment of Plaintiffs.

116.   While Plaintiffs were treating at a medical facility, Defendants and their employee, staff and/or agent violated the Elliot-Larsen Civil Rights Acts, MCL 37.2101, et seq., when they denied Plaintiffs the full and equal enjoyment of the good, services, facilities, privileges, advantages, and/or accommodations of a place of public accommodation because of their gender and/or sex.

117.   Defendants, through their agents, representatives, and employees, discriminated against Plaintiffs on the basis of her gender and/or sex and acted in accordance with that predisposition.

118.   Defendants, through their agents, representatives, and employees, unlawfully discriminated against Plaintiffs based on their gender and/or sex, treated her differently from similarly situated patients in the administration of care based on their gender and/or sex, resulting in the denial of the full enjoyment of the services because of Plaintiffs' gender and/or sex.

119.   Defendants' actions were intentional and in disregard for Plaintiffs' rights and sensibilities.

120.   As a direct and proximate result of Defendants' unlawful actions, Plaintiffs have sustained and continue to sustain injuries and damages.

### CLAIM VIII
### Assault
(As to Defendants Cogswell & Correct Care Solutions, LLC)

121.   Plaintiffs hereby incorporate all other paragraphs of this Complaint as if fully set forth herein.

122.   Defendant Cogswell, as employee of Defendant Correct Care Solutions, sexually assaulted Plaintiffs.

123.   Defendant Cogswell was acting in the course and scope of his employment for Defendant Correct Care Solutions.

124.   Plaintiffs were unable to consent to a sexual relationship based on her status as a patient.

125.   Defendant Correct Care Solutions is liable for the conduct of the Defendant Cogswell by virtue of *respondeat superior* and vicarious liability.

126.   Defendant Cogswell intended to cause, and did cause, harmful and offensive contact with Plaintiffs and acted intentionally in that he intended to commit a battery or should have been substantially certain that an assault or battery would result from conduct.

127.   Defendant Cogswell acted in violation of the medical code of ethics as outlined by the AMA 9.1.1. The conduct Defendant Cogswell was unreasonable and outrageous.

128.   The acts of Defendant Cogswell were despicable, willful, wanton, malicious, and oppressive, and justify the awarding of punitive damages and other exemplary damages.

129.   As a direct legal and proximate result of the assault on Plaintiffs by the Defendant Cogswell, Plaintiffs suffered physical, mental and emotional harm and other injuries and damages.

130.   The conduct of the Defendant Cogswell, in the course and scope of his employment at Correct Care Solutions was a substantial factor in causing Plaintiffs to suffer physical injuries, disability, and mental and emotional injuries, all of which are ongoing, and resulting damages as alleged herein.

## CLAIM IX
### Battery
(As to Defendants Cogswell & Correct Care Solutions, LLC)

131.   Plaintiffs hereby incorporate all other paragraphs of this Complaint as if fully set forth herein.

132.   Defendant Cogswell committed battery against Plaintiffs at the offices of Defendant Correct Care Solutions.

133.   Defendant Correct Care Solutions should be liable for said battery by virtue of *respondeat superior* and vicarious liability.

134.   As a direct legal and proximate result of the assault on Plaintiffs by the Defendant Cogswell, Plaintiffs suffered physical, mental and emotional harm and other injuries and damages.

135.   The conduct of Defendant Cogswell, in the course and scope of his employment by Defendant Correct Care Solutions was a substantial factor in causing

Plaintiffs to suffer the injuries alleged above and Plaintiffs are entitled to damages from a battery against her as alleged above.

**COUNT X**
**Invasion of Privacy**
(As to Defendants Cogswell & Correct Care Solutions, LLC)

136.    Plaintiffs hereby incorporate all other paragraphs of this Complaint as if fully set forth herein.

137.    The actions of the Defendants, which was condoned, known, or should have been known, constituted a wrongful intrusion into Plaintiff's private activities. Among other things, the Defendants have invaded the Plaintiffs' personal space by touching and forcefully entering the private places or their bodies and subjecting Plaintiffs to sexual abuse, sexual assault, battery, exploitation, discrimination, and degrading treatment.

138.    The intrusion was of such a manner as to outrage or cause mental suffering, shame, or humiliation to a person of ordinary sensibilities.

139.    Defendant Cogswell committed the invasion of Plaintiffs' privacy at the offices of Defendant Correct Care Solutions.

140.    Defendant Correct Care Solutions should be liable for said invasion of privacy by virtue of *respondeat superior* and vicarious liability.

141.   The conduct of Defendant Cogswell, in the course and scope of his employment by Defendant Correct Care Solutions was a substantial factor in causing Plaintiffs to suffer the injuries alleged above and Plaintiffs are entitled to damages.

## COUNT XI
### Intentional Infliction of Emotional Distress
(As to Defendants Cogswell & Correct Care Solutions, LLC)

142.   Plaintiffs hereby incorporate all other paragraphs of this Complaint as if fully set forth herein.

143.   Defendant Doctor Steven Cogswell subjected Plaintiffs to sexual abuse, sexual assault, privacy violations, battery, exploitation, discrimination and degrading treatment while allegedly providing them medical care or treatment as a licensed medical physician.

144.   Defendant Cogswell was acting in the course and scope of his employment for Defendant Correct Care Solutions at all relevant times herein.

145.   Defendant Correct Care Solutions is liable for the conduct of Defendant Doctor Cogswell by virtue of *respondeat superior* and vicarious liability.

146.   Defendant Doctor Cogswell knowingly, intentionally, and willfully caused Plaintiffs severe emotional distress when, as their treating physician, he sexually abused, sexually assaulted, invaded their privacy, battered, exploited, discriminated against, and degraded Plaintiffs seeking medical care.

147.   This intentional and/or reckless conduct was extreme and outrageous.

148.   Defendant Cogswell knew or should have known that each of these and other actions individually and/or collectively would cause Plaintiffs severe emotional distress.

149.   Each of these acts individually and/or collectively, were undertaken with intent to cause Plaintiffs severe emotional distress and/or were undertaken recklessly without regard to whether they would cause Plaintiffs severe emotional distress.

150.   As a direct and proximate result of Defendants' unlawful actions, Plaintiffs have sustained and continue to sustain injuries and damages, including but not limited to mental and emotional injuries.

151.   The conduct of Defendant Doctor Cogswell, in the course and scope of his employment by Defendant Correct Care Solutions, was a substantial factor in causing Plaintiffs to suffer injuries, including but not limited to mental and emotional injuries, all of which are ongoing, and resulting in damages as alleged herein.

## COUNT XII
### Failure to Report in Violation of Michigan's Social Welfare Act MCL 400.11(a)
(As to All Defendants)

152.   Plaintiffs hereby incorporate all other paragraphs of this Complaint as if fully set forth herein.

153.   Defendants are persons providing social welfare and human services as defined by M.C.L. 400.11a and are mandated reporters under the Act.

154.   Under M.C.L. 400.11(a), such persons who suspect of have "[R]easonable cause to believe that an adult has been abused, neglected, or exploited shall make immediately, by telephone or otherwise, an oral report to the county department of social services of the county in which the abuse, neglect, or exploitation is suspected of having or believed to have occurred."

155.   Defendants had actual and/or proximate knowledge that Plaintiffs were subjected to abuse, neglect, and/or exploitation under the Act.

156.   Defendants were required to report pursuant to M.C.L. 400.11(a) and failed to do so.

157.   As a direct and proximate cause of the Defendants failure to report, Plaintiffs have sustained and continue to sustain injuries and damages.

**<u>COUNT XIII</u>**
**Breach of Contract**
(As to Defendant Correct Care Solutions, LLC)

158.   Plaintiffs hereby incorporate all other paragraphs of this Complaint as if fully set forth herein.

159.   Defendant Macomb County Jail contracted with Defendant Correct Care Solutions to provide medical services for the inmates housed at Macomb County Jail.

160.   Plaintiffs were the intended third-party beneficiaries of the contract between Defendant Macomb County Jail and Defendant Correct Care Solutions.

161.   Defendant Correct Care Solutions breached their contract with Defendant Macomb County Jail when it failed to provide proper medical services to Plaintiffs, as the intended third-party beneficiaries of that contract.

162.   As a result of Defendant's breach, Plaintiffs were made to suffer injuries, including but not limited to mental and emotional injuries, all of which are ongoing, and resulting in damages as alleged herein.

### COUNT XIV – *MONELL* CLAIM
(As to Defendants Macomb County Jail & Correct Care Solutions, LLC)

163.   Plaintiffs hereby incorporate all other paragraphs of this Complaint as if fully set forth herein.

164.   Plaintiffs have been subjected to a depravation of clearly established, constitutionally protected rights and privileges secured by the Constitution of the United States, including a deprivation of their Fifth, Eighth, and Fourteenth Amendment rights.

165.   The foregoing rights were clearly established at the time of the violations.

166.   The deprivations were caused by the customs, policies, and established practices of Correct Care Solutions, LLC, and Macomb County Jail, acting under color of its statutory and legal authority.

167. Defendant Doctor Steven Cogswell committed the constitutional violations herein described as a result of the training and/or lack of re-training by Defendant Correct Care Solutions and Defendant Macomb County Jail

168. Defendant Correct Care Solutions and Defendant Macomb County Jail failed to properly train, monitor, direct, discipline and supervise its medical staff, and knew or should have known that its medical staff, specifically Defendant Doctor Steven Cogswell, would engage in the complained of behavior.

169. In the aforementioned policies, practices, and customs of Defendants and their failure to properly and adequately train, monitor, instruct, direct, discipline, and supervise Defendant Cogswell, was reckless and deliberately indifferent to a likelihood that the constitutional rights of the public, and particularly Plaintiffs, would be violated.

170. This improper training, monitoring, instruction, direction, discipline, and supervision proximately caused the deprivation of Plaintiffs' constitutional rights.

171. As a direct and proximal result of the unconstitutional acts and omissions of Defendant Correct Care Solutions, Plaintiffs sustained the serious injuries herein described.

**WHEREFORE,** Plaintiffs respectfully requests that this Court enter judgment in her favor and against Defendants, and grant:

A. Appropriate declaratory and other injunctive and/or equitable relief;

B. Compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

C. All economic losses on all claims allowed by law;

D. Punitive damages on all claims allowed by law and in an amount to be determined at trial;

E. Attorney fees and the costs associated with this action on all claims allowed by law;

F. Pre- and post-judgment interest at the lawful rate; and

G. Any further relief that this court deems just and proper, and any other relief as allowed by law and equity.

Respectfully submitted,

*/s/ Jonathan R. Marko*
Jonathan R. Marko (P72450)
Kirstina R. Magyari (P82775)
**MARKO LAW, PLLC**
1300 Broadway Street, Fifth Floor
Detroit, MI 48226
Phone: 313-777-7529
Fax:    313-777-5785
Email: jon@markolaw.com

Dated: April 27, 2020

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

REBEKAH BUETENMILLER,
SAMANTHA BILLS, and STACEY
GLASS,

       Plaintiffs,

       v.

MACOMB COUNTY JAIL, STEVEN
COGSWELL, WILLIAM HORAN,
CORRECT CARE SOLUTIONS, LLC,
and JOHN DOES,

       Defendants.

Case No.
Hon.
Mag.

---

JONATHAN R. MARKO (P72450)
KIRSTINA R. MAGYARI (P82775)
MARKO LAW, PLLC
Attorney for Plaintiffs
1300 Broadway Street, Fifth Floor
Detroit, MI 48226
Phone: (313) 777-7529
Fax: (313) 771-5785
kirstie@markolaw.com

---

## **JURY DEMAND**

Plaintiffs Rebekah Buetenmiller, Samantha Bills, and Stacey Glass, by and

through their attorneys, Marko Law PLLC, hereby demands a jury trial in this cause.

Respectfully submitted,

/s/ Jonathan R. Marko
Jonathan R. Marko (P72450)
Kirstina R. Magyari (P82775)
**MARKO LAW, PLLC**
1300 Broadway Street, Fifth Floor
Detroit, MI 48226
Phone: 313-777-7529
Fax:     313-777-5785
Email: jon@markolaw.com

Dated: April 27, 2020

### CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2020, I presented the foregoing paper to this Court's ECF System which will send notification of such filing to the above listed attorneys of record.

/s/ Marissa A. Williams

34