UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| REBEKAH BUETENMILLER, SAMANTHA BILLS, and STACEY GLASS,<br><br>                  Plaintiffs,<br>v.<br><br>STEVEN COGSWELL, WILLIAM HORAN, CORRECT CARE SOLUTIONS, LLC, JOHN DOES, WELLPATH, LLC, and MACOMB COUNTY,<br>                  Defendants.<br>_____/ | Case No.: 20-11031<br><br>David M. Lawson<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

## **ORDER ON MOTION FOR A PROTECTIVE ORDER (ECF No. 33)**

On April 27, 2020, plaintiffs filed the instant action alleging violations of the Eighth and Fourteenth Amendments to the United States Constitution and violations of state law. Before the court is the April 8, 2021 motion of Defendants County of Macomb and Deputy William Horan for a protective order. In their motion, Defendants seek a court order prohibiting the deposition of Walter Zimny ("Zimny"). (ECF No. 33). Plaintiffs filed a response in opposition on April 12, 2021. (ECF No. 34). The motion has been referred to the undersigned for determination pursuant to 28 U.S.C. § 636(b). (ECF No. 36). On May 6, 2021, the court held a hearing on Defendants' motion. For the reasons set forth below, Defendants' motion is denied.

## I. Background

Defendant Correct Care Solutions ("CCS") has been the health care provider operating in and contracting with Defendant Macomb County Jail ("MCJ") since 2011. The contractual arrangement between CCS and MCJ required that CCS provide comprehensive, institutional health care to inmates inside the MCJ and that Macomb County would provide sufficient security to CCS for the safety of both employees and inmates. During the relevant period, CCS employed Defendant Steven Cogswell ("Cogswell") as a physician. Plaintiffs Rebekah Buetenmiller, Samantha Bills and Stacey Glass are former or current Macomb County Jail inmates.

Zimny was employed by Macomb County as a deputy sheriff. In that capacity, Zimny served as captain, or jail administrator, of the MCJ. Zimny's responsibilities included overseeing the healthcare delivery system and security policies of the facility.

During August and September 2018, while incarcerated at the Defendant County Jail, Plaintiffs received health care treatment from Cogswell. Plaintiffs assert while receiving treatment, they were sexually abused. Plaintiffs subsequently initiated this suit against Defendants for negligence and civil rights violations arising out of the care and treatment of Plaintiffs. Plaintiffs seek to depose Zimny.

As indicated above, Defendants motion seeks a court order prohibiting the deposition of Zimny. Defendants advance several arguments in support of their motion. First, Defendants argue Zimny has no first-hand knowledge of the underlying facts in this case. Second, Defendants argue it places an undue burden on Zimny alleging he is essentially incapable of giving a deposition due to the recent death of his spouse. Finally, Defendants argue the deposition amounts to an undue burden and is unnecessary as the County has offered a substitute witness that served as Jail Administrator when the aforementioned contract was executed. Plaintiffs, however, contend Zimny possesses relevant knowledge and Defendants have not shown good cause for a protective order barring his testimony.

II.     Discussion

"[T]he purpose of discovery is to provide a mechanism for making relevant information available to the litigants." *Lozano v. Md. Cas. Co.*, 850 F.2d 1470, 1473 (11th Cir. 1988) (citing Fed. R. Civ. P. 26 advisory committee notes). "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Liberal discovery rules allow litigants to see the full breadth of the evidence that exists in a case. This helps litigants avoid surprises, leads to the speedier settlement of cases, and helps prevent miscarriages of justice in cases

3

where evidence would otherwise be available to only one party. *Brown Badgett, Inc. v. Jennings*, 842 F.2d 899, 902 (6th Cir. 1988). Rules favoring broad discovery help "make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed tothe fullest practicable extent." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958).

The Federal Rules of Civil Procedure strongly favor full discovery whenever that is possible. *Republic of Ecuador v. Hinchee*, 741 F.3d 1185, 1189 (11th Cir. 2013); *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985). Federal Rule of Civil Procedure 26(c), however, allows a court to issue an order to protect a party or person from undue burden. *In re Ohio Execution Protocol Litigation*, 845 F.3d 231, 235 (6th Cir. 2016). Rule 26(b)(2)(C) allows a Court to limit discovery if the Court determines that the information can be obtained from a source that is "more convenient, less burdensome, or less expensive." A party seeking a protective order bears the burden of demonstrating the existence of good cause for such an order. *Stout v. Remetronix, Inc.*, 298 F.R.D. 531, 534 (S.D. Ohio 2014). For good cause to exist, "the party seeking a protective order bears the burden of establishing good cause and a specific need for protection." *Sondey v. Wolowiec*, 2016 WL 759340 at *2 (E.D. Mich. Feb. 26, 2016) (citing *Schorr v. Briarwood Estates Ltd. P'ship*, 178 F.R.D. 488, 491 (N.D. Ohio 1998); *Phillips ex rel. Estates of*

4

*Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978). When the Federal Rules assign a burden to a party, conclusory statements will not suffice to carry that burden. *See Garrett*, 571 F.2d at 1326 n.3 ("The burden is upon the movant to show the necessity of" a protective order, which "contemplates a particular and specific demonstration of fact as distinguished from . . . conclusory statements.").

Under the "good cause" standard, the court must balance the competing interests of the parties. *Faktor v. Lifestyle Lift*, 2009 WL 1440795 at *1 (N.D. Ohio May 20, 2009) (citing *York v. Am. Med. Sys., Inc.*, 1998 WL 863790, at *4 (6th Cir. Nov. 23, 1998); *Farnsworth*, 758 F.2d at 1547. Trial courts have broad discretion "to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

The right to take depositions is a "broad" one because depositions are such an important tool of discovery. *See Credit Lyonnais, S.A. v. SGC Int'l, Inc.*, 160 F.3d 428, 430 (8th Cir. 1998); *GMAC Bank v. HTFC Corp.*, 248 F.R.D. 182, 185 (E.D. Pa. 2008) (noting that "depositions play an extremely important role in the American system of justice"). "Depositions of parties and non-parties alike serve as efficient tools in this discovery process. They elicit key facts, thereby

5

progressing cases from complaint to settlement or judgment." *United States v. Sensient Colors, Inc.*, 649 F.Supp. 2d 309, 321 (D.N.J. 2009).

Considering the importance of depositions, courts have stated that a "party has a general right to compel any person to appear at a deposition." *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 993 (7th Cir. 2002) (citing Fed. R. Civ. P. 30(a)); *Nat'l Life Ins. Co. v. Hartford Accident & Indem. Co.*, 615 F.2d 595, 599 (3d Cir. 1980) ("The Federal Rules of Civil Procedure specifically give a party the right to questiona witness by oral deposition."). "As a general proposition each party to a civil lawsuit has the right to take depositions of the other party, absent a protective order entered by the trial judge." *Colonial Times, Inc. v. Gasch*, 509 F.2d 517, 521 (D.C. Cir. 1975); *see Jules Jordan Video, Inc. v. 144942 Can. Inc.*, 617 F.3d 1146, 1158 (9th Cir. 2010) (observing that "under Rule 30 any person's testimony may be taken by deposition"); *CSC Holdings, Inc.*, 309 F.3d at 993 ("A party has a general right to compel any person to appear at a deposition, through issuance of a subpoena if necessary.").

"Given liberal federal discovery rules, . . . civil litigants almost always must testify in depositions. . . ." *Green v. Bock Laundry Mach. Co.*, 490 U.S. 504, 510 (1989). "The burden of showing good cause to preclude a deposition altogether is a heavy one." *Dunford v. Rolly Marine Serv. Co.*, 233 F.R.D. 635, 637 (S.D. Fla. 2005). "It is very unusual for a court to prohibit the taking of a deposition

6

altogether and absent extraordinary circumstances, such an order would likely be in error." *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979); *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) (noting that a "strong showing is required before a party will be denied entirely the right to take a deposition"); *Apple Inc. v. Samsung Elecs. Co.*, 282 F.R.D. 259, 263 (N.D. Cal. 2012) ("[I]t is very unusual for a court to prohibit the taking of a deposition altogether absent extraordinary circumstances").

The Court finds that the information sought is relevant; it is not overly broad nor unduly burdensome. As the Plaintiffs point out, both the oversight of the contract between MCJ and CCS and providing or ensuring all staff were properly trained at the time of the alleged events was Zimny's responsibility as jail administrator. As such, his testimony is relevant to the Plaintiffs' *Monell v. Dep't of Soc. Srvs. of City of New York*, 436 U.S. 658 (1978), claim against Macomb County. While the court respects the Defendants' aim to not exacerbate the potential emotional and psychological harm to the witness, it agrees with the Plaintiffs' contention that grief is not good cause for a protective order. For these reasons, the court finds the Defendants failed to demonstrate good cause for the issuance of a protective order.

As to whether the desired information could be obtained from another source, Plaintiffs demonstrated they took reasonable measures to obtain the

7

necessary information. For example, they deposed a substantial number of witnesses, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. The witnesses indicated that Zimny would have been in charge of authoring policies for the jail, as well as overseeing the terms of the health services agreement with CCS. Plaintiffs have sufficiently demonstrated that they reasonably attempted to exhaust all other avenues to obtain the relevant information likely possessed by Zimny.

Plaintiffs, therefore, have demonstrated that they should have an opportunity to depose Zimny. Nevertheless, to ensure that Zimny is not subjected to harassment, this court will limit Zimny's deposition to five hours.

### III. Conclusion

For the reasons set forth above, this court **DENIES** Defendants' motion for a protective order. Nevertheless, this court limits the duration of Zimny's deposition to five hours.

**IT IS SO ORDERED.**

The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).

Date: May 7, 2021　　　　　　　　　　s/Curtis Ivy, Jr.
　　　　　　　　　　　　　　　　　　　Curtis Ivy, Jr.
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge